Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
UNITED STATES OF AMERICA
                                                        :   14 Cr. 008 (SAS)
          - v. -
                                                        :   DECLARATION
DEVYANI KHOBRAGADE,
                                                        :
               Defendant.
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

1.     I, Stephen Kerr, presently serve as an Attorney-Adviser in the Office of the Legal

Advisor of the United States Department of State. I make this Declaration based on my personal

knowledge, information made available to me in the course of my official duties, my review of

the official records of the Department of State, and my understanding of the applicable treaties

and laws.

2.     For the reasons summarized below, Devyani Khobragade does not currently enjoy

immunity from criminal prosecution for the crimes with which she is charged in the indictment

captioned United States v. Devyani Khobragade, 14 Cr. 008 (SAS) (the "Indictment"). In

addition, Dr. Khobragade did not enjoy immunity from arrest or detention at the time of her

arrest on felony criminal charges of visa fraud and false statements on December 12, 2013.

3.     The records of the Department of State reflect that on December 12, 2013,

Devyani Khobragade was registered as Deputy Consul General at the Consulate General of India

at New York, New York, a position she held from October 26, 2012, until her duties were

terminated on January 8, 2014. In that capacity, she enjoyed "immunity from the jurisdiction of

the judicial and administrative authorities of the receiving State with respect of acts performed in

the exercise of consular functions," pursuant to Article 43(1) of the Vienna Convention on

Consular Relations (the "VCCR").  I understand that Dr. Khobragade submitted an application

for an A-3 visa for Ms. Richard, which is a visa for "aliens employed in a domestic or personal

capacity by a principal alien, who are paid from the private funds of the principal alien and seek

to enter the United States solely for the purpose of such employment."  22 C.F.R. § 41.21(a)(4).

The Department of State does not issue an A-3 visa unless the visa applicant has executed a

contract with the principal alien documenting the personal employment relationship.

Accordingly, Dr. Khobragade did not employ Ms. Richard in her capacity as Deputy Consul

General, and thus did not enjoy immunity from prosecution for the crimes for which she was

arrested on December 12, 2013.

    4.    Dr. Khobragade was registered as Counselor at the Permanent Mission of India to

the United Nations enjoying privileges and immunities incident to that assignment from only

January 8, 2014 to January 9, 2014.  In that capacity, Dr. Khobragade enjoyed "immunity from

the criminal jurisdiction of the receiving State" pursuant to Article 31(1) of the Vienna

Convention on Diplomatic Relations (the "VCDR")  incorporated by the reference to "the

immunities of diplomatic envoys" in Article V, section 15, of the United Nations Headquarters

Agreement.  On January 9, 2014, Dr. Khobragade departed the United States and her duties as

Counselor at the Permanent Mission of India to the United Nations were terminated.  Pursuant to

Article 39(2) of the VCDR, "when the functions of a person enjoying privileges and immunities

have come to an end, such privileges and immunities shall normally cease at the moment when

he leaves the country, or on expiry of a reasonable period in which to do so . . . .  However, with

respect to acts performed by such a person in the exercise of his functions as a member of the

mission, immunity shall continue to subsist."  Accordingly, from the time of Dr. Khobragade's

departure from the United States on January 9, 2014, through the present, Dr. Khobragade enjoys

residual diplomatic immunity only for acts she performed in the exercise of her functions as a

member of the mission from January 8, 2014 to January 9, 2014. (She does not enjoy immunity

for any other acts committed during her time as a member of the mission.) The acts giving rise

to the charges in the Indictment were not performed in Dr. Khobragade's exercise of her

functions as a member of the mission, both because they were performed well before Dr.

Khobragade's assignment to the Permanent Mission of India to the United Nations and because

the hiring of Ms. Richard was not an official act. Accordingly, Dr. Khobragade does not

presently enjoy immunity from prosecution for the crimes with which she is charged in the

Indictment.

5.      Dr. Khobragade's motion to dismiss the Indictment asserts that she enjoyed

diplomatic immunity on December 12, 2013 -- the day of her arrest -- by virtue of her

accreditation to the United Nations as a member of India's delegation to the UN General

Assembly ("UNGA") from August 26 to December 31, 2013. That assertion is incorrect.

6.      First, there is no basis for the application of section 11 of the Convention on the

Privileges and Immunities of the United Nations (the "General Convention") to the present

matter, as there is no evidence that Dr. Khobragade was exercising any function related to UN

representation at, or immediately before or after, the time of her arrest.

7.      Section 11 of the General Convention provides that "[r]epresentatives of

Members to the principal and subsidiary organs of the United Nations and to conferences

convened by the United Nations, shall, while exercising their functions and during their journey

to and from the place of meeting, enjoy [certain listed] privileges and immunities." These

include "such other privileges, immunities and facilities . . . as diplomatic envoys enjoy," which

in turn include immunity from the criminal jurisdiction of the receiving State under Article 31(a)

of the VCDR.  Section 16 of the General Convention provides that "the expression

'representatives' shall be deemed to include all delegates, deputy delegates, advisers, technical

experts, and secretaries of delegations."

      8.     The United States has consistently interpreted section 11 of the General

Convention to provide diplomatic level immunity to those foreign government representatives of

the ranks listed in section 16 of the General Convention who travel to the United States for UN

business.  Dr. Khobragade, however, did not travel from India to New York for business before

the UN; rather, she was accredited to the Department of State's Office of Protocol as a bilateral

representative to the United States, specifically as India's Deputy Consul General at the Indian

Consulate General in New York City.   On that basis the Department of State accorded her the

privileges and immunities commensurate with such status and permitted her to continuously

reside in New York for a period of time.  The Department of State issued her an identification

card and tax exemption card, both relating to her status as Deputy Consul General.   In short, the

Government of India represented her to the Department of State as a consular officer and the

Department accepted her in that capacity.

      9.     Moreover, there is strong support for the general proposition that section 11 of the

General Convention was not intended to cover individuals residing in New York as consular

officers who are subsequently accredited as a member of a UN delegation.  The legislative

history of U.S. consideration of the Convention indicates that section 11 was viewed as

extending the diplomatic privileges and immunities already enjoyed by resident diplomatic

personnel at UN missions under the UN Headquarters Agreement to certain high-level, non-

resident representatives to the UN.  See, e.g., Exec. Rep. No. 91-17 at 3 (March 17, 1970) ("With

regard to representatives of members, currently only resident representatives of permanent

missions to the UN have full diplomatic immunities. Nonresident representatives enjoy only

functional immunities [under the International Organization Immunities Act]; that is, immunities

with respect to their official acts. Under the convention, these nonresident representatives will

also be entitled to full diplomatic immunities. The group covered here consists of foreign

officials coming to the United Nations for a short time to attend specific meetings – such as the

annual fall meetings of the General Assembly. Foreign ministers and other high government

officials, distinguished parliamentarians, and representatives of that caliber, fall into this

category, which is estimated to number about 1,000 people a year.")

      10.     Also, the UN requests the dates of arrival and departure from the United States for

members of the UN delegations and presents this information, and not dates of business before

the UN, to the United States Mission to the UN.

      11.     In any event, the documentation that Dr. Khobragade presented in support of her

motion to dismiss fails to establish that she had Section 11 immunity at the time of her arrest, if

she had it at any point in time.

      a.     First, the "UN accreditation record" that defense counsel attached as

exhibit 1 to Defendants' motion to dismiss indicates Dr. Khobragade's date of arrival in the

United States as August 26, 2013 and her date of departure as August 31, 2013. Such dates are

plainly wrong since she was present in the United States both before and after that date.

      b.     Second, while Dr. Khobragade's name appears on a list sent to the United

States Mission to the United Nations by the UN Office of Protocol on August 26, 2013, as part of

the Indian delegation for the main part of the regular session of the 68th UN General Assembly,

which took place in September 2013, the dates given for her appear as August 2013-August

2016. Again, those dates are incorrect or meaningless since the 68th General Assembly meeting

was not going to extend past December 2013, and the main part of the regular session took place in September 2013.

          c.      Third, Dr. Khobragade's name does not appear on the consolidated list of UNGA delegation members produced by the UN. That makes sense, because at all times she remained notified to the Department of State's Office of Protocol as Deputy Consul General and no dual-accreditation request was sent to State Department's Office of Protocol.

          12.      Finally, no information had been brought to my attention indicating that Dr. Khobragade was exercising any functions as a member of the Indian UN delegation at the time of her arrest, or that she was traveling to or from the place of a UN General Assembly meeting. Her motion to dismiss states that she was appointed as a Special Advisor to the UN during the Indian Prime Minister's visit. The Indian Prime Minister's visit concluded in September 2013, close to three months before the arrest.

          13.      Dr. Khobragade's assertions that she possessed full diplomatic immunity at various times in the past, even if true, are no bar to a current prosecution for past conduct now that such immunity has unquestionably terminated, unless the past conduct for which she is being prosecuted was official in nature. This has been the State Department's formal interpretation of the Vienna Convention on Diplomatic Relations since at least 1984, when the Secretary of State stated the following to all foreign missions in a circular diplomatic note: "On the termination of criminal immunity, the bar to prosecution in the United States would be removed and any serious crime would remain as a matter of record. If a person formerly entitled to privileges and immunities returned to this country and continued to be suspected of a crime, no bar would exist to arresting and prosecuting him or her in the normal manner for a serious crime allegedly committed during the period in which he or she enjoyed immunity. This would

be the case unless the crime related to the exercise of official functions, or the statute of limitations for that crime had not imposed a permanent bar to prosecution." Circular Diplomatic Note, March 21, 1984, at 2–3.

14.     For all of the foregoing reasons, the Department of State concludes that Dr. Khobragade did not enjoy immunity from arrest or detention at the time of her arrest in this case, and she does not presently enjoy immunity from prosecution for the crimes charged in the Indictment.


I swear under penalty of perjury that the foregoing is true and correct.

Dated: January 29, 2014
       Washington, DC

Stephen Kerr
Attorney-Adviser