Exhibit C

March 21, 1984 - Termination of Immunity

The Secretary of State presents his compliments to Their Excellencies and Messieurs and Mesdames the Chiefs of Mission and takes this occasion to bring to their attention a matter of serious concern to the Department relating to diplomatic immunity.

From its inception, the Government of the United States has recognized the importance of the principle of diplomatic immunity in the conduct of affairs among nations. For nearly two hundred years, the sanctity of the diplomatic mission and the inviolability of its members, cardinal principles embodied both in domestic statutes and in international law, have been observed by the United States. The Department wishes to assure the missions that the United States, in keeping with its obligations under international law, will continue to adhere to this policy.

The Department is concerned, however, with allegations of criminal activity on the part of a few members of the missions or family members. Although the incidence of such behavior is very small in comparison to the large number of individuals residing in the Washington, D.C. area who enjoy immunity and whose personal conduct is exemplary, the Department is disturbed by the apparent increase of violations of the law involving privileged personnel which have occurred within the last two years.

The Department wishes to advise the missions that, as a matter of policy, in the isolated cases which have arisen - the majority of which involved dependents of mission personnel - the Department has been quick to take appropriate steps to

- 2 -

ensure the entitlement to diplomatic immunity of the individuals involved. In the absence of a waiver of immunity by the sending government, in most instances the Department has required that the alleged offender depart the United States immediately. Such action in effect has amounted to the expulsion of that individual from the United States. In addition, one year ago, the Department took the further step of alerting the appropriate authorities of the United States Government of the expulsion of these individuals to provide for the eventuality that such individuals would attempt to reenter the United States.

The missions are advised that, in the case of the commission of a crime attributed to a family member expelled from the United States, the privileges and immunities accorded to that family member under Article 37(1) of the Vienna Convention on Diplomatic Relations would terminate upon expulsion. This would apply even though the principal alien from whom privileges and immunities were derived remained in a privileged status in this country.

In this respect, the situation is analogous to that of a member of a mission whose functions, and thus immunities, are terminated pursuant to Article 43 of the Vienna Convention.

In either case, on the termination of criminal immunity, the bar to prosecution in the United States would be removed and any serious crime would remain as a matter of record. If a person formerly entitled to privileges and immunities returned to this country and continued to be suspected of a crime, no bar would exist to arresting and prosecuting him or her in the

- 3 -

normal manner for a serious crime allegedly committed during the period in which he or she enjoyed immunity. This would be the case unless the crime related to the exercise of official functions, or the statute of limitations for that crime had not imposed a permanent bar to prosecution.

Thus, unless the individual concerned desired to face trial for the alleged offense, a crime committed by a person with immunity from criminal jurisdiction would, as a practical matter, carry a penalty of at least a number of years exclusion from entry to the United States. The Department is compelled to add that, in such cases, the full resources of the Department of State would be applied to the detection of the return of such persons and to alerting local law enforcement authorities to their legal rights in the circumstances.

The Department of State regrets exceedingly that unfortunate circumstances have made it necessary to bring to the attention of the Chiefs of Mission the Department's understanding of the law in this regard.

Department of State,
   Washington,                                    March 21, 1984