ARSHACK, HAJEK & LEHRMAN, PLLC
1790 BROADWAY,   7TH FLOOR
NEW YORK, NEW YORK 10019

TEL: 212-582-6500
FAX: 212-459-0568

January 9, 2014

BY FAX: 212-805-4060, email and ECF
The Hon. Magistrate Judge Sarah Netburn
United States District Court – Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   United States v. Devyani Khobragade, 13 Mag. 2870
          Motion Seeking Dismissal of Action For Lack of Personal Jurisdiction

Dear Magistrate Judge Netburn:

    As the Court is aware, Defendant, Devyani Khobragade, a Counselor to the Permanent Mission of India at the United Nations, was arrested in the above captioned matter and appeared before this Court on December 12, 2013. This Court adjourned the matter by 30 days and scheduled a Preliminary Hearing to take place on Monday, January 13, 2014.

    This afternoon, in advance of the Preliminary Hearing, the U.S. Department of State fully credentialed Dr. Khobragade as a diplomat assigned to the Permanent Mission of India to the United Nations. Correspondingly, the State Department has changed her status to "G-1" to reflect those credentials. Additionally, an unexpectedly, they have required her immediate departure from the United States. As the attached document indicates, the United States State Department, has assured Dr. Khobragade that her departure in compliance with their order does not constitute a violation of the terms of her release from this court. She is relying on that assurance in complying with the order of the State department.

    Because Dr. Khobragade has been given diplomatic status, she has automatically been vested with diplomatic immunity from criminal liability in the United States while she continues to maintain such diplomatic status. Please accept this letter pursuant to *22 U.S.C. §254d* -- Dismissal on motion of action against individual entitled to immunity, which holds that

> *Such immunity may be established upon motion or suggestion by or on behalf of the individual, or as otherwise permitted by law or applicable rules of procedure.*

1

Case law has held that diplomats accredited to the United Nations are accorded the same diplomatic immunity as diplomats accredited to the United States. *Tachiona v. United States, 386 F.3d 205 (2nd Cir. 2004); See also, Devi v. Silva, 861 F.Supp.2d 135, 141 (S.D.N.Y. 2012).* As a result, Dr. Khobragade hereby moves this Court pursuant to *22 U.S.C. §254d* for a dismissal of this prosecution for a lack of personal jurisdiction now that she has been designated as a Diplomat and has acquired immunity. *See, Devi v. Silva, 861 F.Supp.2d at 141 (S.D.N.Y. 2012).* The case should be dismissed without necessity of any further hearing or proceedings because, Dr. Khobragade, as a diplomat, is entitled to absolute immunity from criminal prosecution, in accordance with Article 31 of the Vienna Convention on Diplomatic Relations.

The Court is aware that Dr. Khobragade claimed complete immunity at the time she was first presented before the court on December 12, 2013. At the time, she was a Consular Officer with the rank of Deputy Consul General. However, on August 26, 2013, Dr. Khobragade had been appointed a Special Advisor to the UN and was given a Blue Card by the UN during the Indian Prime Minister's UN visit. Based on that credential (see attached) and consistent with The United States State Department publication "Diplomatic and Consular Immunity –Guidance of Law Enforcement and Judicial Authorities"[1] such appointment vested Dr. Khobragade with full diplomatic immunity as of August 26, 2013. When describing the privileges and immunities which are afforded to participants such as Dr. Khobragade, in UN sponsored international conferences, the State Department's own publication instructs at page 8 that:

> *Law enforcement officials (particularly in New York) should be sensitive to the existence of this situation and always coordinate with the U.S. authorities indicated in the list of Useful Phone Numbers if confronted with an apparent offender appearing to fall into this category.*

Of course the Law Enforcement agent responsible for effecting the arrest of Dr. Khobragade neglected to follow this instruction. He did not call the UN Protocol office at the numbers listed on page V of the State Department publication noted above. Had he done so he would have been informed of Dr. Khobragade's status and the arrest would not have occurred. While that special appointment expired on December 31, 2013 the full immunity she was entitled to on December 12, 2013 establishes the arrest as illegal and the case must also be dismissed for that reason. *See, U.S. v. Al-Hamdi, 356 F.3d 564 (C.A.4 2004) at 569,* which held :

> *Thus, under the plain language of the statute, if, **at the time he was arrested**, Al-Hamdi was entitled to diplomatic immunity under Article 37.1 of the Vienna Convention, the criminal proceedings against him must be dismissed. [Emphasis added]*

This Court, is clearly deprived of personal jurisdiction of Dr. Khobragade by virtue of her diplomatic immunity, but nonetheless retains subject matter jurisdiction to hear this motion and dismiss this criminal proceeding. Pursuant to *28 U.S.C. §1351,* this court retains original

---

[1] http://www.state.gov/documents/organization/150546.pdf

2

jurisdiction over this motion because it is brought by Dr. Khobragade who is a member of the Permanent Mission of India to the United Nations. *See, Montuyo v. Chedid, 779 F.Supp.2d 60 (D.C. Dist. 2011); See also, Logan v. Dupuis, 990 F.Supp. 26, 27 n. 2 (D.D.C.1997).* Dr. Khobragade may bring the instant motion without a waiver of her diplomatic status and immunity pursuant to *22 U.S.C. §254d,* which "authorizes a dismissal on motion of action against individual entitled to immunity".

The United States ratified the Vienna Convention on Diplomatic Relations ("VCDR"), in 1972. Article 31 of the VCDR which provides that "a diplomatic agent shall enjoy immunity from the criminal jurisdiction of the receiving State." In accordance with the VCDR treaty, Congress enacted the Diplomatic Relations Act of 1978, which mandates that "[a]ny action or proceeding brought against an individual who is entitled to immunity with respect to such action or proceeding under the Vienna Convention on Diplomatic Relations ... shall be dismissed." *22 U.S.C. §254d.*

The Second Circuit has made clear that courts must dismiss an action against anyone who is entitled to immunity under the Vienna Convention on Diplomatic Relations or other laws extending privileges and immunities. Specifically, they held that "current diplomatic envoys enjoy absolute immunity from civil and criminal process." *Brzak v. United Nations, 597 F.3d 107, 113 (2d Cir.), cert. denied, ⎯ U.S. ⎯, 131 S.Ct. 151, 178 L.Ed.2d 243 (2010); See also, Tachiona v. Mugabe, 386 F.3d 205, 216 (2d Cir.2004); Montuyo v. Chedid, 779 F.Supp.2d at 63; Gonzalez Paredes v. Vila, 479 F.Supp.2d 187, 191 (D.D.C.2007); Sabbithi v. Al Saleh, 605 F.Supp.2d 122, 130 (D.D.C.2009), vacated in part on other grounds, No. 07 Civ. 115 (D.D.C. Mar. 8, 2011).* In fact, State Department has advised its Officers and Judges that:

> *Diplomatic agents also enjoy complete immunity from the criminal jurisdiction of the host country's courts and thus cannot be prosecuted no matter how serious the offense unless their immunity is waived by the sending state.*

*US State Department: Diplomatic and Consular Immunity: Guidance for Law Enforcement and Judicial Authorities at 4.*

Despite any sentiments that one may have regarding the unproven merits or lack thereof of this case, the fact remains that Dr. Khobragade's diplomatic status, and corresponding immunity, requires adherence to the decision of the State Department with regards to the consequences of its decision. As the Eleventh Circuit has said, "the courts have generally accepted as conclusive the views of the State Department as to the fact of diplomatic status." *Abdulaziz v. Dade County, 741 F.2d 1328, 1331 (11th Cir.1984).* It must be pointed out that while the diplomatic designation only works prospectively from the moment of designation and onward, the attendant immunity that attaches with that diplomatic status applies retroactively and can negate a preexisting matter or prosecution. *See, Abdulaziz, 741 F.2d at 1329–30 ("the diplomatic immunity flowing from that status serves as a defense to suits already commenced.").*

Indeed the State Department's own instructions located on page 13 of its instructions, *US State Department: Diplomatic and Consular Immunity: Guidance for Law Enforcement and Judicial Authorities,* cited above, are perfectly clear when they instruct that:

3

*Criminal immunity precludes the exercise of jurisdiction by the courts over an individual whether the incident occurred prior to or during the period in which such immunity exists.*

Here, the State Department's decision to fully grant diplomatic credentials mandates the dismissal of this action in accordance with Article 31 of the VCDR and the Diplomatic Relations Act. We therefore respectfully ask that the court do so immediately.

Respectfully submitted,

*[signature]*

Daniel N. Arshack

CC: AUSA Amanda Kramer by email and ECF

e-Accreditation-Request form                                   https://eaccreditation.un.int/DGACM/eAccreditation.nsf/SSOpenDom...

## United Nations Protocol and Liaison Service

Accreditation of Members of Delegations to temporary meetings

| Back |

### INDIA

Status: Approved
Created on: Mon, 26 Aug 2013 14:56:04     Created by: Siddharth Kohli

**Meeting information**

Please select meeting: UN General Assembly

Meeting title: * Main part of the Regular Session
Meeting start date: * Mon, 26 Aug 2013          Meeting end date: * Tue, 31 Dec 2013

**Delegate details**

Title: * Mrs.
First name (Prénom): * Devyani Uttam
Last name (Nom de famille): * Khobragade

Capacity: * Adviser                             Date of birth (day/month/year):
Functional title: * Deputy Consul General
Affiliation: * Consulate General of India, New York
Are you a US citizen: * No
Port of Entry into the US: * New York
Arrival date: * Mon, 26 Aug 2013                Departure date: * Wed, 31 Aug 2013
Special accessibility needs:

**Notifications**

The accreditation request acknowledgment will be sent to:
protocol_pmi@indiaun.net
The accreditation request code on will be sent to:
ind_adm@indiaun.net, protocol_pmi@indiaun.net

* I, [Siddharth Kohli], as the focal point of the mission/office, or on behalf thereof, con
the above delegate is an official representative of this member state/organization desig
attend the above meeting.

1 of 2                                                                    12/24/2013 2:01 PM

5



UNITED STATES MISSION TO THE UNITED NATIONS

799 UNITED NATIONS PLAZA
NEW YORK, N.Y. 10017-3505

January 8, 2014

Mrs. Devyani Uttam Khobragade
Counselor
Permanent Mission of India
 to the United Nations

Dear Mrs. Khobragade:

As of 5:47 pm today, you have been recorded as a Counselor at the Permanent Mission of India to the United Nations. As a Counselor, you are entitled in the territory of the United States to the privileges and immunities of a diplomatic envoy under the terms of Section 15 of the Headquarters Agreement between the United States and the United Nations.

Members of your family who are regularly resident with you, provided they are not citizens of or Permanent Resident Aliens in the United States, also enjoy immunity from the criminal jurisdiction of the United States and immunity from civil and administrative jurisdiction consistent with the Vienna Convention on Diplomatic Relations. The term "family" for the purpose of privileges and immunities is defined in circular Note to Missions dated November 13, 2002.

Sincerely,

Eileen P. Merritt
Minister Counselor (Acting)
Host Country Affairs

UNITED STATES MISSION TO THE UNITED NATIONS
NEW YORK

January 9, 2014

HC-02-14

The United States Mission to the United Nations presents it compliments to the Permanent Mission of India to the United Nations and has the honour to refer to the latter's Note Verbale No. NY/PM/661/12/2013 dated January 9, 2014.

The United States Mission has received the Permanent Mission's note of January 9th declining to waive the immunity of Dr. Khobragade, and accordingly this Mission requests her immediate departure from the United States. In accordance with the policy of the host country in these matters, her name will be placed in the Visa and Immigration lookout systems to prevent routine issuance of a visa to her in the future. Upon her departure a warrant may be issued for her arrest and should she seek to enter the United State she could be arrested. Dr. Khobragade may not be permitted to return to the United States except to submit to the jurisdiction of the Court that has jurisdiction over this matter.

The United States Mission to the United Nations avails itself of this opportunity to renew to the Permanent Mission of India to the United Nations the assurances of its highest consideration.

DIPLOMATIC NOTE