UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

UNITED STATES OF AMERICA

- against -

DEVYANI KHOBRAGADE,

Defendant.

------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/14

OPINION AND ORDER

14 Cr. 008 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

I. INTRODUCTION

On December 12, 2013, Dr. Devyani Khobragade was arrested and charged with visa fraud and making false statements to the government in violation of Title 18, United States Code, Sections 1546 and 1001. On January 9, 2014, Khobragade was indicted on the above charges, and moved to dismiss the Indictment on the basis of diplomatic immunity. Upon the Government's request, the Court reserved decision pending full briefing. For the reasons that follow, Khobragade's motion is granted and the Indictment is dismissed.

II. BACKGROUND INFORMATION

Khobragade, a citizen of India, served as a consular officer in the

United States from October 26, 2012 through January 8, 2014,[1] a position that cloaked her with consular immunity pursuant to the Vienna Convention on Consular Relations ("VCCR").[2] Khobragade contends that she additionally obtained diplomatic immunity on August 26, 2013 by virtue of her appointment as a Special Advisor to the United Nations, and that such immunity continued through at least December 31, 2013.[3] The Government denies that Khobragade ever had diplomatic immunity as a Special Advisor, and alternately argues that any period of diplomatic immunity ended well before December 2013.[4]

On December 12, 2013, Khobragade was arrested on a complaint and presented before a magistrate judge, who released her under several bail conditions

---

[1] Specifically, Khobragade served as the Deputy Consul General for Political, Economic, Commercial and Women's Affairs at the Consulate General of India in New York City. *See* 1/29/14 Declaration of Stephen Kerr ("Kerr Decl."), Attorney-Adviser in the Office of the Legal Advisor of the United States Department of State, Ex. A to Memorandum of Law of the United States of America in Opposition to Defendant's Motion to Dismiss Indictment ("Gov. Mem."), ¶ 3.

[2] *See* Vienna Convention on Consular Relations ("VCCR"), *entered into force* Dec. 24, 1969, 21 U.S.T. 77.

[3] *See* Defendant's Memorandum of Law in Support of Motion to Dismiss Pursuant to 22 U.S.C. § 254d on the Grounds of Diplomatic Immunity ("Def. Mem.") at 6.

[4] *See* Gov. Mem. at 14–17.

including a bond in the amount of $250,000 co-signed by three other people.[5] On January 8, 2014, Khobragade was appointed a Counselor to the Permanent Mission of India to the United Nations, a position that cloaked her with full diplomatic immunity.[6] On January 9, 2014, a grand jury returned the Indictment charging Khobragade with visa fraud and making false statements to the government in violation of Title 18, United States Code, Sections 1546, 1001, and 2. Later that day, the State Department asked the Indian government to waive Khobragade's diplomatic immunity "in order that the charges may be adjudicated in accordance with the laws of the United States."[7] After the Indian government declined to waive Khobragade's immunity, the State Department requested her immediate departure from the country.[8]

Also on January 9, 2014, Khobragade's counsel appeared before the

---

[5] *See id.* at 3; Def. Mem. at 6.

[6] *See* 1/8/14 Letter from Eileen P. Merritt, Minister Counselor at the United States Mission to the United Nations, to Devyani Khobragade ("Merritt Letter"), Ex. F to Gov. Mem.; Kerr Decl. ¶ 4; Gov. Mem. at 17 n.4.

[7] 1/8/14 Diplomatic Note from United States Mission to the United Nations to Permanent Mission of India, Ex. H to Gov. Mem.

[8] 1/9/14 Diplomatic Note from United States Mission to the United Nations to Permanent Mission of India, Ex. G to Gov. Mem. ("The United States Mission has received the Permanent Mission [of India's] note of January 9th declining to waive the immunity of Dr. Khobragade, and accordingly this Mission requests her immediate departure from the United States.").

Court and moved to dismiss the case on grounds of diplomatic immunity, or alternately to exonerate her conditions of bail. The Court modified Khobragade's bail conditions to permit her return to India, but withheld judgment on the remaining issues pending full briefing by the parties. Khobragade left the country later that evening.[9]

## III. APPLICABLE LAW

### A. Consular Immunity

As a signatory to the VCCR, the United States grants limited immunity to consular officers.[10] Specifically, "[c]onsular officers . . . shall not be amenable to the jurisdiction of the judicial or administrative authorities of the receiving state in respect of acts performed in the exercise of consular functions."[11] Aside from official acts, consular officers are not immune from arrest or detention

---

[9] *See* Gov. Mem. at 4; Defendant's Reply to the Prosecution's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Indictment ("Def. Reply Mem.") at 5. The Government questions Khobragade's entitlement to bring her motion in light of the fugitive disentitlement doctrine, which "bars a defendant from invoking the authority of this Court while simultaneously evading it." Gov. Mem. at 12 n.2. However, given that the Court expressly modified Khobragade's conditions of bail to permit her return to India, Khobragade cannot be deemed to have evaded the authority of the Court.

[10] There is no dispute that Khobragade's position as a Deputy Consul General at the Indian consulate rendered her a consular officer within the terms of the VCCR. *See* Gov. Mem. at 5, 12.

[11] VCCR art. 43(1).

for "grave crimes" where the arrest is made "pursuant to a decision by the competent judicial authority."[12]

## B.   Diplomatic Immunity

The United States is also signatory to the Vienna Convention on Diplomatic Relations ("VCDR"), which applies to diplomatic agents such as ambassadors and diplomatic mission personnel.[13] Diplomatic officers enjoy a higher level of immunity than consular officers. With several exceptions not applicable here, diplomatic officers may not be arrested, detained, prosecuted or sued unless their immunity is waived by the sending state.[14] The United States Congress implemented the VCDR through 22 U.S.C. § 254d, which states:

> Any action or proceeding brought against an individual who is entitled to immunity with respect to such action or proceeding under the Vienna Convention on Diplomatic Relations, under section 254b or 254c of this title, or under any other laws extending diplomatic privileges and immunities, shall be

---

[12]   *Id.* art. 41(1).

[13]   *See* Vienna Convention on Diplomatic Relations ("VCDR"), *entered into force* Dec. 13, 1972, 23 U.S.T. 3227.

[14]   *See id.* art. 29, 31(1). *See also* United States Department of State Bureau of Diplomatic Security, Diplomatic and Consular Immunity: Guidance for Law Enforcement and Judicial Authorities (2011) ("State Department Publication"), Ex. B to Gov. Mem., at 4 ("Diplomatic agents [] enjoy complete immunity from the criminal jurisdiction of the host country's courts and thus cannot be prosecuted no matter how serious the offense unless their immunity is waived by the sending state.").

dismissed. Such immunity may be established upon motion or suggestion by or on behalf of the individual, or as otherwise permitted by law or applicable rules of procedure.[15]

In proceedings where a person's diplomatic status is contested, courts generally consider the State Department's determination to be conclusive.[16]

### C. Residual Immunity

Both consular and diplomatic immunity expire after the officer's appointment has been terminated and she has departed the United States, or after a reasonable time for departure has passed.[17] Consular officers and diplomatic

---

[15] 22 U.S.C.A. § 254d (1978).

[16] *See, e.g., In re Baiz*, 135 U.S. 403, 421 (1890) (noting that "the certificate of the Secretary of State . . . is the best evidence to prove the diplomatic character of a person. . . ."); *United States v. Al–Hamdi,* 356 F.3d 564, 572 (4th Cir. 2004) (holding that "the State Department's certification, which is based upon a reasonable interpretation of the Vienna Convention, is conclusive evidence as to the diplomatic status of an individual"); *Abdulaziz v. Metropolitan Dade Cnty.,* 741 F.2d 1328, 1329, 1331 (11th Cir. 1984) (noting that "courts have generally accepted as conclusive the views of the State Department as to the fact of diplomatic status," and that "once the United States Department of State has regularly certified a visitor to this country as having diplomatic status, the courts are bound to accept that determination"); *Montuya v. Chedid,* 779 F. Supp. 2d 60, 62 (D.D.C. 2011) ("The Court must accept the State Department's determination that Defendants have diplomatic status."); *United States v. Kuznetsov,* 442 F. Supp. 2d 102, 106 (S.D.N.Y. 2006) ("A court's reliance on the State Department's certification when determining diplomatic immunity has a long history in this country's jurisprudence.").

[17] *See* VCCR art. 53(3) ("When the functions of a member of the consular post have come to an end, his privileges and immunities . . . shall

officers enjoy residual immunity after the term of appointment only for acts performed in the exercise of official functions.[18] For all other acts, including those that took place during a period of full immunity, former diplomats are not immune from prosecution.[19]

## IV. DISCUSSION

It is undisputed that Khobragade acquired full diplomatic immunity at 5:47 PM on January 8, 2014, and did not lose that immunity until her departure

---

normally cease at the moment when the person concerned leaves the receiving State or on the expiry of a reasonable period in which to do so, whichever is the sooner."); VCDR art. 39(2) ("When the functions of a person enjoying privileges and immunities have come to an end, such privileges and immunities shall normally cease at the moment when he leaves the country, or on expiry of a reasonable period in which to do so. . . .").

[18] *See* VCCR art. 53(4) ("[W]ith respect to acts performed by a consular officer or a consular employee in the exercise of his functions, immunity from jurisdiction shall continue to subsist without limitation of time."); VCDR art. 39(2) ("[W]ith respect to acts performed by [a diplomatic officer] in the exercise of his functions as a member of the mission, immunity shall continue to subsist.").

[19] *See* State Department Publication at 13 ("With the exception of immunity for official acts (which exists indefinitely), criminal immunity expires upon the termination of the diplomatic or consular tour of the individual enjoying immunity. Therefore, obtaining an indictment, information, or arrest warrant could lay the basis for a prosecution at a later date, e.g., if the diplomat returns to the United State at a later date in a private capacity."); *Swarna v. Al-Awadi,* 622 F.3d 123, 137–40 (2d Cir. 2010) (finding no barrier to suit against a former diplomat where the actions alleged were not "official acts").

from the country on the evening of January 9, 2014.[20] On January 9, immediately following the return of the Indictment, Khobragade appeared before the Court through counsel and moved to dismiss the case. Because the Court lacked jurisdiction over her at that time, and at the time the Indictment was returned, the motion must be granted.[21]

The Government argues that the Indictment should not be dismissed because Khobragade did not have diplomatic immunity at the time of her arrest,

---

[20] *See* Gov. Mem. at 17 n.4. *See also* Merritt Letter ("As of 5:47 pm today, you have been recorded as a Counselor at the Permanent Mission of India to the United Nations. As a Counselor, you are entitled in the territory of the United States to the privileges and immunities of a diplomatic envoy . . . [including] immunity from the criminal jurisdiction of the United States . . . consistent with the Vienna Convention on Diplomatic Relations."); Kerr Decl. ¶ 4 (concluding that Khobragade enjoyed criminal immunity pursuant to the VCDR from January 8, 2014 to January 9, 2014 by virtue of her assignment as Counselor at the Permanent Mission of India to the United Nations); VCDR art. 39(2) ("When the functions of a person enjoying privileges and immunities have come to in end, such privileges and immunities shall normally cease at the moment when he leaves the country, or on expiry of a reasonable period in which to do so. . . .").

[21] *See* VCDR art. 31(1) ("A diplomatic agent shall enjoy immunity from the criminal jurisdiction of the receiving state."); *Brzak v. United Nations*, 597 F.3d 107, 113 (2d Cir. 2010) ("[C]urrent diplomatic envoys enjoy absolute immunity from civil and criminal process. . . . The Diplomatic Relations Act of 1978, 22 U.S.C. § 254d, makes pellucid that American courts must dismiss a suit against anyone who is entitled to immunity under either the VCDR or other laws extending diplomatic privileges and immunities.") (quotation marks and citations omitted).

and has no immunity at the present time.[22] In support, the Government submits a declaration from Steven Kerr, Attorney-Advisor in the Office of the Legal Advisor of the United States Department of State. Kerr concludes that "Dr. Khobragade did not enjoy immunity from arrest or detention at the time of her arrest in this case, and she does not presently enjoy immunity from prosecution for the crimes charged in the Indictment."[23]

Even assuming Kerr's conclusions to be correct, the case must be dismissed based on Khobragade's conceded immunity on January 9, 2014. The fact that Khobragade lost full diplomatic immunity when she left the country does not cure the lack of jurisdiction when she was indicted. Courts in civil cases have dismissed claims against individuals who had diplomatic immunity at an earlier stage of proceedings, even if they no longer possessed immunity at the time dismissal was sought.[24] These courts reasoned that the lack of jurisdiction at the

---

[22] Specifically, the Government argues that the acts charged in the Indictment are not "official acts" to which residual immunity would attach. *See* Gov. Mem. at 19.

[23] Kerr Decl. ¶ 2. While Khobragade concedes Kerr's second assertion, the Court need not resolve the first issue – whether Khobragade had diplomatic immunity at the time of her *arrest* – in order to decide this motion. *See* Def. Reply Mem. at 5.

[24] *See Fun v. Pulgar,* No. 13 Civ. 3679, 2014 WL 197901, at *3–4 (D.N.J. Jan. 14, 2014) (dismissing suit because "diplomatic immunity validly applied at commencement of the suit and service of the initial Complaint," and

time of the relevant procedural acts, such as service of process, rendered those acts void. Because Khobragade moved to dismiss on January 9, 2014, the motion must be decided in reference to her diplomatic status on that date.

Similarly, Khobragade's status at the time of her *arrest* is not determinative. The State Department has explained that "criminal immunity precludes the exercise of jurisdiction by the courts over an individual whether the incident occurred *prior to* or during the period in which such immunity exists."[25] Furthermore, several courts have held that diplomatic immunity acquired during the pendency of proceedings destroys jurisdiction even if the suit was validly commenced before immunity applied. For example, in *Abdulaziz v. Metropolitan Dade County*, the Eleventh Circuit concluded that diplomatic immunity "serves as a defense to suits already commenced."[26] The court found that the "action was properly dismissed when immunity was acquired and the court was so notified."[27]

---

defendants' subsequent loss of immunity "cannot retroactively cure the defect in service resulting from their immunity"). *See also Doe v. Roman Catholic Diocese of Galveston-Houston,* 408 F. Supp. 2d 272, 281 (S.D. Tex. 2005) (noting that courts have "applied the related doctrines of diplomatic immunity and foreign-sovereign immunity in cases in which the individual or entity did not have sovereign status at the time the plaintiff filed suit").

[25] State Department Publication at 13 (emphasis added).

[26] 741 F.2d at 1330.

[27] *Id.* at 1332.

Lower courts have cited and followed *Abdulaziz* in the absence of binding case law in other circuits.[28]

The Court notes that *Abdulaziz* involved civil claims rather than criminal charges. However, the Government has not cited any criminal case in which immunity was acquired after arrest, and the Court is not aware of any such case.[29] *Abdulaziz* is persuasive precedent given that the standard for dismissing criminal and civil cases based on diplomatic immunity is the same.[30] Furthermore,

---

[28] *See Fun*, 2014 WL 197901, at *3 (citing *Abdulaziz* for the proposition that "diplomatic immunity serves as a valid defense for the duration of suits already commenced"); *Republic of Phil. by Cent. Bank of Phil. v. Marcos*, 665 F. Supp. 793, 799 (N.D. Cal. 1987) (granting motion to quash subpoena even though movant was only certified as diplomatic agent after subpoena had been served). *See also Tachiona v. Mugabe*, 169 F. Supp. 2d 259, 297 (S.D.N.Y. 2001), *aff'd in part, rev'd in part, and remanded sub nom. Tachiona v. United States*, 386 F.3d 205, 297 n.171 (2d Cir. 2004) (noting that "the State Department may certify foreign diplomatic agents even after the official has entered the country . . . [and] the agents are entitled to immunity at the moment of notification to the appropriate authorities of the receiving state, even if they have already entered the territory").

[29] While some courts have considered the diplomatic status of the defendant at the time of arrest, those cases did not involve any change in status during the pendency of proceedings. Therefore, the courts had no reason to decide which point in criminal proceedings should be determinative with respect to a defendant's diplomatic status. *See Al–Hamdi*, 356 F.3d at 572; *Kuznetsov*, 442 F. Supp. 2d at 102.

[30] *See Brzak*, 597 F.3d at 113 ("[C]urrent diplomatic envoys enjoy absolute immunity from civil and criminal process."); 22 U.S.C. § 254d ("Any action or proceeding brought against an individual who is entitled to immunity with respect to such action or proceeding . . . shall be dismissed."); VCDR art. 31(1) ("A diplomatic agent shall enjoy immunity from the criminal jurisdiction of

11

because diplomatic immunity is a jurisdictional bar, it is logical to dismiss proceedings the moment immunity is acquired. Even if Khobragade had no immunity at the time of her arrest and has none now, her acquisition of immunity during the pendency of proceedings mandates dismissal.

The Court has no occasion to decide whether the acts charged in the Indictment constitute "official acts" that would be protected by residual immunity. However, if the acts charged in the Indictment were not "performed in the exercise of official functions," then there is currently no bar to a new indictment against Khobragade.[31] Khobragade concedes that "[t]he prosecution is clearly legally able to seek a new indictment at this time or at some point in the future now that [she] no longer possesses [] diplomatic status and immunity. . . ."[32] However, the Government may not proceed on an Indictment obtained when Khobragade was immune from the jurisdiction of the Court.

## V. CONCLUSION

---

the receiving State. He shall also enjoy immunity from its civil and administrative jurisdiction. . .").

[31] VCCR art. 53(4); VCDR art. 39(2). *Accord* Kerr Decl. ¶ 13 ("If a person formerly entitled to privileges and immunities returned to this country and continued to be suspected of a crime, no bar would exist to arresting and prosecuting him or her in the normal manner for a serious crime allegedly committed during the period in which he or she enjoyed immunity.").

[32] Def. Reply Mem. at 5.

For the foregoing reasons, Khobragade's motion to dismiss the Indictment on the ground of diplomatic immunity is granted. Khobragade's conditions of bail are terminated, and her bond is exonerated. It is ordered that any open arrest warrants based on this Indictment must be vacated. The Clerk of the Court is directed to close this motion (Dkt. No. 15) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:  March 12, 2014
        New York, New York

## - Appearances -

**For the Government:**

Amanda Kay Kramer
Kristy Jean Greenberg
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2478/2469
Fax: (212) 637-2527

**For Defendant:**

Daniel N. Arshack, Esq.
Arshack, Hajek & Lehrman PLLC
1790 Broadway, Suite 710
New York, NY 10019
(212) 582-6500
Fax: (212) 459-0568